UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

In the Matter of the Complaint of          10 Civ. 4844
MORAN TOWING CORPORATION,
as Owner and Operator of the TUG                OPINION
TURECAMO GIRLS, for Exoneration
from or Limitation of Liability,

                    Petitioner.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Petitioner

        CLARK ATCHESON & REISERT
        7800 River Road
        North Bergen, NJ 07047
        By:  Richard Joseph Reisert, Esq.
             Frank A. Atcheson, Esq.

        Attorneys for Claimant

        KREINDLER & KREINDLER
        100 Park Avenue
        New York, NY  10017
        By:  Daniel O. Rose, Esq.
             Megan Wolfe Benett, Esq.

**Sweet, D.J.**

The Petitioner Moran Towing Corporation ("Moran" or
the "Petitioner") has moved pursuant to Rules 12(f) and 39(a)(2)
of the Federal Rules of Civil Procedure to strike the demand of
the Claimant Avril Young ("Mrs. Young" or the "Claimant") for a
jury trial on any issues pertaining to exoneration from or
limitation of liability and for an order directing the court to
decide all issues pertaining to exoneration from or limitation
of liability.  The Claimant has cross-moved pursuant to Rules 38
and 39 of the Federal Rules of Civil Procedure to empanel a jury
to hear and render a verdict as to her claims under the Jones
Act and general maritime law.

The instant motion and cross-motion were heard and
marked fully submitted on November 16, 2011.  They raise issues
of the proper determination of procedure and timing in this
action arising out of the Petitioner's Limitation of Liability
petition and the Claimant's Jones Act action.  The motion and
cross-motion are each granted in part and denied in part.

**The Issue Presented**

1

The parties agree that the Claimant is entitled to a jury to determine her Jones Act claim.  The Claimant also seeks to have a jury render an advisory opinion on all issues pertaining to exoneration or limitation.  The Petitioner, however, seeks a determination of the Limitation of Liability action by the court before any jury determination.  Both parties recognize the judicial economy of having but one presentation of the facts relating to both claims.

**Prior Proceedings**

On June 22, 2010, the Petitioner filed a Petition for Exoneration from or Limitation of Liability in this district, pursuant to 46 U.S.C. §§ 30501 et seq., and the various statutes supplemental thereto and amendatory thereof, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims ("Admiralty Rules") arising out of the events of December 27, 2009.

On that date, a tug owned and operated by Moran, the Turecamo Girls (the "Tug"), was pushing the Barge LISA in the Hackensack River en route to the Passaic Valley Sewage Treatment Authority facility in Newark, New Jersey.  At approximately 0100 hours, Deckhand Ricardo Young ("Young"), the husband of the

2

Claimant, was ordered to tighten the tow lines by the mate in charge of the Tug's navigation.  During the line tightening procedure, Young became caught between the starboard tow line and capstan, causing his death.  There were no witnesses to the event.

On September 8, 2010, the Claimant, as administrator of the Estate of Young, filed an Answer admitting that the case is within this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Admiralty Rules, and demanded a trial by jury.  On that same date, the Claimant filed a claim on behalf of the Estate and on behalf of the decedent's minor son, Nicholas Young, but as of that date the Claimant had not been appointed as the legal guardian of Nicholas Young or the administrator of the Estate.

On May 25, 2011, this court granted the Claimant's Motion to Amend Claim, which Petitioner did not oppose.  On July 11, 2011, the Claimant, on behalf of herself, individually and as the administrator and personal representative of the Estate of Young and all other wrongful death beneficiaries and heirs, filed a First Amended Claim under the Jones Act, 46 U.S.C. § 30104 and the General Maritime Law and demanded a trial by jury.

3

Petitioner then moved to strike the Claimant's demand for a jury trial on any issues pertaining to exoneration from or limitation of liability.

## There Is No Right To A Jury Trial On Issues Pertaining To Exoneration or Limitation

The court's exclusive jurisdiction over this Limitation of Liability action arises under admiralty law, and it is for this court to determine the issues of liability and limitation.  A petition for exoneration from or limitation of liability is "a quintessential admiralty proceeding, customarily conducted without a jury."  In re Complaint of Great Lakes Dredge & Dock Co., 895 F. Supp. 604, 614 (S.D.N.Y. 1995).

In the context of limitation actions, courts have long wrestled with the conflict between "the value placed on preserving a party's right to sue in the forum and under the procedure of her choice, and the deeply rooted tradition of non-jury trials in admiralty cases." Id. at 609.  In limitation actions involving claimants who possess common law claims that carry with them the right to a jury trial, courts have nonetheless refused to allow a jury to decide any aspect of the limitation proceedings, including damages.  See Id. at 611-12.

4

In other limitation cases, however, courts "have held that where a claim with independent jurisdictional basis normally carrying a jury right is joined with admiralty claims arising out of the same transaction or occurrence, at least the non-admiralty claims may be tried to a jury." In re Complaint of Poling Transp. Corp., 776 F. Supp. 779, 783-84 (S.D.N.Y. 1991).

The primary purpose of the Limitation Act is to "provide a marshalling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 755 (2d Cir. 1988). The statute is silent, however, with respect to whether a limitation proceeding should be conducted before a jury or a judge. See 46 U.S.C. § 30501 et seq. There is no legislative pronouncement creating a "right" to such a proceeding for a limitation petitioner.

Rule 38 of the Federal Rules of Civil Procedure is also clear that the provisions in the rules codifying the Seventh Amendment's jury trial do not create a separate, independent right to a jury trial in maritime cases. See Fed. R. Civ. P. 38(e) (the rules "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime

claim"); see also 2 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW §
21-10 (5th ed. 2011) ("Neither Rule 38(e) nor any statutory or
constitutional provision gives an admiralty plaintiff a right to
a non-jury trial.").

As the Supreme Court has stated, while "the Seventh
Amendment does not require jury trials in admiralty cases,
neither that Amendment nor any provision of the Constitution
forbids them.  Nor does any statute of Congress or Rule of
Procedure, Civil or Admiralty, forbid jury trials in maritime
cases."  Fitzgerald v. United States Lines Co., 374 U.S. 16, 20
(1963).  Rather, "[t]he lack of a jury trial in admiralty is
really only a matter of historic practice."  2 SCHOENBAUM § 21-10.

Courts in this circuit have recognized that the
"tradition of non-jury trials in admiralty actions is long and
deeply ingrained."  In re Great Lakes, 895 F. Supp. at 614.
They have repeatedly held that "[t]here is no right, as opposed
to a likely expectation, to a non-jury trial in admiralty."  Red
Star Towing and Transp. Co., Inc. v. "Ming Giant", 552 F. Supp.
367, 371 (S.D.N.Y. 1983) (finding that "[Fitzgerald] established
that a litigant in admiralty is not entitled as a matter of
right to a non-jury trial[.]"); In re Dammers, 836 F.2d at 754-

55 (stating that "[t]here is no right to a jury in actions
instituted in admiralty.").

There is therefore no right to a jury in the trial of
the Limitation of Liability action.  Mrs. Young is entitled,
however, to have the issues in the Jones Act action tried before
a jury.

## There Is A Right To A Jury Determination In A Jones Act Action

The parties agree that the Claimant has a right to a
jury determination of the issues presented in her Jones Act
action.  The Claimant goes further and urges that "where the
nonjury admiralty tradition and a plaintiff's jury right
conflict, the jury right must prevail." In re Complaint of
Berkley Curtis Bay Co., 569 F. Supp. 1491, 1494 (S.D.N.Y. 1983).
As the Second Circuit has held, the mere "procedural benefits"
of a bench trial conferred on a Limitation Act petitioner must
yield to a claimant's "substantive right" with respect to common
law remedies, including a jury trial.  In re Dammers, 836 F.2d
at 760 (rejecting Limitation Act petitioner's argument to remain
in admiralty so as to enjoy the procedural benefits of the
Federal Rules of Civil Procedure because "[i]f claimants have a
substantive right to pursue their cause of action under the

7

'saving to suitors clause,' it can hardly be abrogated by a
federal procedural rule.").

        To preserve her right to a jury trial and to provide
Moran the protections afforded by the Limitation Act, Mrs. Young
proposes that this Court empanel a jury to hear all of the
evidence and then render, first, a decision on the Jones Act and
general maritime claims (including negligence, unseaworthiness
and damages) and, second, an advisory opinion on the Limitation
Act issues.

        In passing the Limitation Act, Congress did not
abrogate the jury rights provided to admiralty claimants, nor
does that statute provide admiralty petitioners with a defensive
weapon against jury trials. In re Great Lakes, 895 F. Supp. at
612 ("The limitation device was not intended to be an offensive
weapon for vessel owners"); see also In re Poling, 776 F. Supp.
at 786 (Limitation Act was "fashioned as a shield rather than a
sword."). "If the tradition of non-jury proceedings is adhered
to rigorously in limitation actions, injured parties may be
prevented from presenting their claims to a jury. This state of
affairs would be especially troubling for claimants with
wrongful death or personal injury claims, who in most other
circumstances would take advantage of the saving to suitor's

                                8

clause to present these claims to a jury." In re Great Lakes,
895 F. Supp. at 609.

     The Supreme Court's decision in "Fitzgerald has come
to stand for the following general rule:  when admiralty claims
are joined in an action with legal claims that normally carry
the right to a jury trial, the court may properly submit all
claims to a jury." Maersk, Inc. v. Neewra, Inc., 687 F. Supp.
2d 300, 342 (S.D.N.Y. 2009) (emphasis in original); see also 8
JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 38.10 (2d ed. 1996)
("Joinder of admiralty claims with legal claims may result in
the jury trial of all claims under appropriate circumstances.").

     According to the Claimant, where, as here, the bench
tradition in Limitation Act proceedings is in tension with a
claimant's jury trial rights, the latter must prevail.  See In
re Berkley Curtis Bay Co., 569 F. Supp. at 1494 (in Limitation
Act proceeding, when "nonjury admiralty tradition and a
plaintiffs jury right conflict," jury right trumps); Mayer v.
Cornell Univ., 909 F. Supp. 81, 85 (N.D.N.Y. 1995) (it is the
"general rule" that "when admiralty claims are joined with
claims which carry the right to a jury, the right to a jury
prevails," but denying plaintiff a jury trial because her claims
fell only within admiralty and did not carry a jury trial

right); Red Star Towing, 522 F. Supp. at 371 ("[w]here claims
with independent jurisdictional basis normally carrying a jury
right, such as [a] Jones Act claim, are joined with admiralty
claims arising out of the same transaction or occurrence, all
claims may be tried to a jury").

Even without the independent jury trial right
conferred on her by the Jones Act, Mrs. Young, as the lone
claimant in this action, would qualify for the single claimant
exception that courts have designed, allowing her to dissolve
the current injunction and pursue her claims in a state court
proceeding before a jury.  See Lewis v. Lewis & Clark Marine,
Inc., 531 U.S. 438, 451 (2001); see also 2 SCHOENBAUM § 15-5.
Under this exception, when only one claim is asserted against a
ship owner there is no need for the "peculiar and exclusive
jurisdiction of an admiralty court," and a claimant is thus
entitled to her common law remedies.  See Langnes v. Green, 282
U.S. 531, 541 (1931) (holding that when a single claim is
asserted against a ship owner, admiralty jurisdiction gives way
to common law remedies); see also Kreta Shipping, S.A. v.
Preussag Int'l Steel Corp., 192 F.3d 41, 48 n.6 (2d Cir. 1999)
(observing that the "roots" of the Second Circuit's rules
regarding lifting any injunction on common law proceedings "run
back ... to the cases that held that where there is but a single

10

claim that seeks less than the value of a vessel, no concursus injunction is warranted"); In re Dammers, 836 F.2d at 755 (finding that when "a lone claimant brings an action seeking an amount in excess of the limitation fund, the district court must lift the stay against other proceedings if that claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability.").

To the extent that Mrs. Young would need to enter into any stipulations to proceed under the single claimant exception, she is prepared to do so. See Id. at 756, 758-59 (explaining that stipulations adequately protect vessel owner where it is agreed that owner had right to litigate all issues relating to limitation of liability in federal court, claimants waived any claim of res judicata, prioritized their claims, and stated that neither their claim against the vessel owner nor against any third party who the vessel owner may be required to indemnify would exceed the amount stipulated in the fund); see also In re Illinois Marine Towing, Inc., 498 F.3d 645 (7th Cir. 2007) (finding that stipulations provided adequate protection to the petitioner); In re Tetra Applied Techs., 362 F.3d 338 (5th Cir. 2004) (explaining that with adequate stipulations, claimant should be allowed to proceed in state court).

11

**All Issues Will Be Tried Before The Court And The Jury**

The parties agree that one evidentiary presentation is in the interests of the parties and judicial economy.  The jury will return a Special Verdict with respect to the Jones Act issues and the court will determine the facts and conclusions necessary to the Limitation of Liability action.

In the event that any evidence is presented that would be exclusively relevant to the Limitation of Liability action, it will be taken in the absence of the jury.  If the Special Verdict is rendered prior to the court's determination of the Limitation of Liability action, it will be considered advisory as to any common issues.  In the event that the Limitation of Liability action is determined prior to the return of the Special Verdict that determination may, or may not, require further instructions to the jury.

The parties as part of their Pre-Trial Order will include a proposed Special Verdict and Findings and Conclusions. The Pre-Trial Order will be submitted on September 19, 2012 or such other date as the parties may agree upon or request.

It is so ordered.

12

New York, NY
April // , 2012

                             ROBERT W.  SWEET