```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

In the Matter of the Complaint of         10 Civ. 4844
MORAN TOWING CORPORATION,
as Owner and Operator of the TUG             OPINION
TURECAMO GIRLS, for Exoneration
from or Limitation of Liability,

                     Petitioner.

-----------------------------------------X

A P P E A R A N C E S:

     Attorneys for Petitioner

     CLARK ATCHESON & REISERT
     7800 River Road
     North Bergen, New Jersey 07047
     By:  Richard Joseph Reisert, Esq.
          Frank A. Atcheson, Esq.
          Stephen K. Carr, Esq., Of Counsel

     Attorneys for Claimant

     KREINDLER & KREINDLER
     100 Park Avenue
     New York, NY  10017
     By:  Daniel O. Rose, Esq.
          Megan Wolfe Benett, Esq.
```

**Sweet, D.J.**

Two actions were tried to the court from May 20, 2013 through June 4, 2013, the petition for exoneration filed by the petitioner Moran Towing Corporation ("Moran" or the "Petitioner") and a Jones Act and general maritime law action for negligence filed by claimant Avril Young ("Avril Young" or the "Claimant"). These actions arise out of the crushing to death on December 27, 2011 of Ricardo Young ("Young" or the "Decedent") a deckhand who was entrapped in the capstan of the Turecamo Girls, a Moran tug (the "Tug"), by a towline under great pressure during an improperly conducted swing maneuver.

On November 15, 2013, judgment was found in favor of Claimant (the "Opinion"). On December 3, 2013, judgment was entered against the Petitioner in the amount of $2,183,478 (the "Judgment").

Petitioner moves under F.R.C.P. 59(e) to amend the Judgment entered herein to correct that part of the Judgment which awarded prejudgment interest on future losses.

1

For the reasons set forth below, Petitioner's motion is granted.

**Facts & Prior Proceedings**

Familiarity with the general background of this case and prior litigation between the parties is assumed and set forth in this Court's November 18, 2013 Opinion. *See In re Moran Towing*, 2013 WL 6068454, at *35 (S.D.N.Y. Nov. 18, 2013). Certain facts and allegations are repeated in part as relevant to the issue presented by the instant motion.

On November 15, 2013, judgment was granted in favor in Avril Young. With respect to prejudgment interest, this Court held the following:

> Although the allowance of prejudgment interest in admiralty is said to be a matter committed to the trial court's discretion, *see United States Willow Furniture Co. v. La Compagnie Generale Transatlantique*, 271 F. 184, 186-87 (2 Cir. 1921); *O'Donnell Transportation Co. v. City of New York*, 215 F.2d 92, 94-95 (2d Cir. 1954), it should be granted in the absence of exceptional circumstances. *See, e.g., Federal Ins. Co. v. Sabine Towing & Transp. Co.*, 783 F.2d 347, 352 n.4 ("In this Circuit, prejudgment interest will be denied in admiralty cases only under extraordinary circumstances"); *The Wright*, 109 F.2d 699, 702 (2d Cir. 1940); *Moore-McCormack Lines, Inc. v. Richardson*, 295 F.2d 583, 592-93 (2 Cir. 1961),

2

cert. denied, 368 U.S. 989 (1962). Moran has not established any special circumstance why prejudgment interest should not be applied.

Prejudgment interest in this case is calculated using New York state law. *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988) ("when a lone claimant brings an action seeking an amount in excess of the limitation fund, the district court must lift the stay against other [state court] proceedings if that claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability.").

Avril Young as the single claimant could have proceeded in New York state court, where she would have been awarded the state statutory prejudgment interest rate on any damages award. It is thus reasonable to employ the same rate to the damages for which prejudgment interest are available as she would have received had she dissolved the stay on these proceedings and pursued her action in state court. Here, prejudgment interest is appropriate as to all claims, whether under the Jones Act or general maritime law. *See Williams v. Reading & Bates Drilling Co.*, 750 F.2d 487, 491 (5th Cir. 1985) ("We hold, therefore, that when a Jones Act claim is brought under the court's admiralty jurisdiction, and hence the case is tried to the court and not the jury, the allowance of prejudgment interest is within the discretion of the trial court even if there is not a finding of unseaworthiness"); *Webb v. TECO Barge Linc, Inc.*, 2012 WL 7800851, at *33 (S.D. Ill. 2012) (same); *Benson v. Diamond Offshore Drilling, Inc.*, 2011 WL 3794908, at *9 (M.D. La. Aug. 26, 2011) (same).

Under New York law, the rate of prejudgment interest is set at nine percent per annum. N.Y. C.P.L.R. § 5004. Claimant is therefore entitled to prejudgment interest at an annual rate of 9% measured from the date of Young's death, December 27, 2009. The dollar amount is calculated by multiplying the total amount of past damages by nine percent, then dividing that period by 365 (representing the days of a year) and multiplying that figure by the number of days between

3

December 27, 2009 and the date of judgment. *See Webb*, 2012 WL 780851, at *34 n.13.

*In re Moran Towing*, 2013 WL 6068454, at *35 (S.D.N.Y. Nov. 18, 2013).

On December 3, 2013, the Judgment calculated prejudgment interest from December 27, 2009 (the death of Young), until December 3, 2013 (the date the judgment was entered), including adding interest on future losses.

### I. Judgment is Amended to Calculate Prejudgment Interest Only on Past Damages

Petitioner maintains that as the November 18 Opinion stated that prejudgment interest should be calculated by "multiplying the total amount of *past* damages by nine percent," the Judgment should reflect this specification and prejudgment interest should not be added to future damages. *In re Moran Towing*, 2013 WL 6068454, at *35 (S.D.N.Y. Nov. 18, 2013) (emphasis added).

4

Under New York law, "the proper method for calculating preverdict interest in a wrongful death action is to discount the verdict to the date of liability, i.e. the date of death, and award interest on that amount from the date of death to the date of judgment." *See Toledo v. Iglesia Ni Christo*, 18 N.Y.3d 363 (N.Y. 2012). New York law does not make a distinction between past and future damages; the entire verdict amount is reduced to present value as of the date of death. *See id.* Because the November 18 Opinion uses the New York rate for prejudgment interest, Claimant maintains that the New York formula in its entirety should be adopted and reflected in the Judgment against Petitioner.[1] *In re Moran Towing*, 2013 WL 6068454, at *35 (S.D.N.Y. Nov. 18, 2013).

The allowance of prejudgment interest in admiralty is a matter committed to the trial court's discretion. *See United States Willow Furniture Co. v. La Compagnie Generale Transatlantique*, 271 F. 184, 186-87 (2 Cir. 1921); *O'Donnell*

---

[1] The damages calculated by Claimant's expert Craig Moore, Ph.D., ("Dr. Moore"), and adopted in the December 3 Judgment, incorrectly reflected a reduction of the verdict to present value as of the date of Dr. Moore's report, i.e. November 29, 2011, rather than the date of death. Claimant acknowledges this error, and submits a revised calculation of prejudgment interest based on a reduction of the verdict to present value as of the date of Young's death, in accordance with New York law.

5

*Transportation Co. v. City of New York*, 215 F.2d 92, 94-95 (2d Cir. 1954) (same).

The Second Circuit has held that prejudgment interest on post-judgment losses, for which Claimant advocates, is "counterintuitive." *In re Brooklyn Navy Yard Abestos Litig.*, 971 F.2d 831, 852 (2d Cir. 1992) (prejudgment interest on post-judgment losses is "an award fit for Alice in Wonderland"; "[i]t makes no sense . . . to award prejudgment interest on losses that have not yet been incurred)); *see also Woodling v. Garrett Corp.*, 813 F.2d 543, 559-60 (2d Cir. 1987) (same); *Shu-Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45, 52 (2d Cir. 1984) (same). "Because a jury only discounts future losses back to the date of its verdict," prejudgment interest on future damages is "unnecessary to ensure full compensation. It makes no sense [] to award prejudgment interest on losses that have not yet been incurred." *In re Brooklyn Navy Yard Abestos Litig.*, 971 F.2d at 852.

Even under New York law, courts have noted the concern with applying prejudgment interest on future losses. For instance, in *Toledo*, the dissent stated that "where future

6

damages have been discounted to the date of a jury's verdict, the amount so calculated already includes interest up to that date and no further calculation of pre-verdict interest is necessary or appropriate." *Toledo*, 18 N.Y.3d at 370-72 (New York's interest formula, where the discounting was done using an interest rate of roughly 4%, while interest was calculated at the statutory rate of 9%, "in effect doubl[ed] the interest" and gave the plaintiff a "significant windfall."). The majority expressed similar concerns, but considered the issue a matter for the state legislature. *See id.* at 368 (though in previous cases "preverdict interest on future damages awards would have been improper as it would indeed constitute a windfall . . . [fo]llowing the adoption of CPLR articles 50-A and 50-B, however," the court, pursuant to CPLR 4111 (e), awarded a full amount of future damages).

In the present case, the discount rate is roughly .13%. Thus, even if Claimant's future damages were discounted to the date of the incident, as Claimant agrees to, the prejudgment rate would be almost seventy times greater. This would effectively allow the Plaintiff to receive "a double recovery." *Shu-Tao Lin*, 742 F.2d at 52 (if "prejudgment interest applied to the component of the award intended to

7

compensate the plaintiff for post-judgment losses, plaintiffs would effectively receive a double recovery."). Though the Court in *Shu-Tao Lin* was required to use the *Toledo* method in applying New York's interest rate, the court, in its discretion, limited prejudgment interest to "past" damages to ameliorate the potential windfall. Similarly, in *Benson v. Diamond Offshore Drilling, Inc.*, 2011 WL 3794908 (M.D. La. 2011), the court expressly stated that prejudgment interest should only be awarded on "past" damages that "accrued through the entry of Judgment." *Benson*, 2011 WL 3794908, at *28. In *Webb v. Teco Barge Lines, Inc.*, 2012 WL 7800851 (S.D. Ill. 2012), the court also eliminated future lost earnings (which had been reduced to present value) from the computation, adding the category of loss only after prejudgment interest was computed on past damages. *See Webb*, 2012 WL 7800851, at *94; *see also Dessert Service, Inc. v. M/V MSC Jamie/Rafaela*, 219 F. Supp. 2d 504, 508 (S.D.N.Y. 2002) (citing to *Merchant v. Lymon*, 1995 U.S. Dist. LEXIS 4676, at *27 (S.D.N.Y. 1995) ("[a]lthough we recognize that some courts have adopted state interest rates in federal question cases, it seems to us more appropriate to use a constant federal rate rather than for the outcome to vary depending on where the federal court happens to sit.").

The same reasoning is applied here, where the Court is not bound by New York law, in limiting prejudgment interest to past damages. The purpose of prejudgment interest is "solely compensatory" and to make a party whole. *Mediterranean Shipping Company, (USA) Inc. v. Cargo Agents, Inc.*, 2011 U.S. Dist. LEXIS 14481 (S.D.N.Y. 2011). It "must not result in over-compensation to the plaintiff." *Wickham Contracting Co. v. Local Union No. 3, IBEW*, 955 F.2d 831, 934 (2d Cir 1992).[2] Dr. Moore's Rule 26 expert report enables Claimant's damages to be apportioned between past and future damages so that, as set forth in the November 18 Opinion, prejudgment interest can be applied only to past damages and prejudgment interest on losses that have not yet been incurred is avoided. The prejudgment interest rate remains 9%, as calculated and applied under New York law.

Accordingly, the Judgment will be amended to reflect that prejudgment interest, calculated using New York's 9% rate, is applied only to past damages.

---

[2] Where prejudgment interest rate includes future damages, the rate of interest should be "carefully" chosen "giving consideration to the interest rate the plaintiff could likely have received on relatively risk free investments and giving particular attention to the inflation rate during the period [between the date of the accident and date of trial." *In re Connecticut national bank*, 928 F.2d 39 (2d Cir. 1991). No such calculations were submitted by either party in this case, further emphasizing the importance of only applying the prejudgment interest rate to past damages.

9

**CONCLUSION**

Based upon the facts and conclusions of law set forth above, Petitioner's motion to amend the December 3 Judgment is granted. Settle judgment on notice.

It is so ordered.

**New York, NY**

~~January~~ February 3, 2014

_____
**ROBERT W. SWEET**
**U.S.D.J.**

10